My name is Wayne McMillan. The issue presented in this case is whether California Penal Code Section 311.11, which is a misdemeanor, is a crime that is described in Title 18, Section 251, 251A, or 252. If it is so described in that section, then it's an aggravated felony under Section 101A43, capital I of the Act, and Mr. Armijo is therefore deportable and has no relief from deportation. Mr. Armijo is a legal permanent resident of the United States for approximately 20 years. He immigrated here with his mother. As such, the burden is on the government to prove, by clear and convincing evidence, that he is deportable. That's under INA Section 240C3. If we examine the scheme of the three sections mentioned in the Act, 251, 251A, and 252, we find that it all deals with sexual exploitation of children and fairly serious activities involving children. 251A deals with selling or buying children. 252 deals with activities relating to material involving sexual exploitation of children. The statute that causes me the biggest problem, and I think you might benefit from addressing, is 2252A4B, and if you just go right down the elements of each of the statutes, there seems to be a pretty close fit. Well, it is close, but there is a distinction because 311 is a divisible offense, as you find many in California being divisible. Examine the activity of Mr. Armijo. Well, first you have to use a categorical approach. Okay. Okay, so let's just go through. Do you have the two statutes there in front of you? I do. Why don't we just sort of take a look at 311.11A, defendant knowingly possesses or controls, and then if you go over to 2252A4B, defendant knowingly possesses. So those appear to be pretty similar, correct? Oh, yes. Any matter, representation of image, data, image, including but not limited to film, photographs, computer, disc. 2252A4, books, films, videotapes, or other matter. The statutory term matter, I believe, includes drives and discs as well. So that's pretty similar, correct? Yes. Okay, and then the defendant knows that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct. And under 311.11A, the term, statutory term depicts is limited to visual works, correct? At least the way we read it, at least the way I read it. And which one is that, excuse me? That's 311.11A. Okay. And then in 2252A4B, it's defendant knows that the matter contains a visual depiction of a minor engaging in sexually explicit conduct. A minor is a person under the age of 18 years. Those two are pretty similar. And then if you turn, the production of the matter involves the use of a person under the age of 18 years. Then if you go to the federal statutes, producing a visual depiction involves the use of a minor engaging in sexually explicit conduct. And therein lies the distinction, Your Honor. The distinction is in 311.11, a person can violate the statute by possessing material of an individual personally engaging in sexual conduct or simulating sexual conduct as defined in Section D of 311.4. If we, typically we don't go behind the facts of a conviction, but in this case we did. We presented the police report and we presented testimony as to what it was that Mr. Armijo did that ran the file of the law. And that was, he accepted without solicitation an internet email image of his young girlfriend, apparently on her own, dressing herself in a sexually provocative way. That is perhaps simulated sexual conduct as defined in the state code. The state code involves depicting certain body parts as being sexual conduct. However, in the federal statute, it requires sexually explicit conduct and that the visual depiction is of that conduct. Therein lies the difference. So you're suggesting that the word sexually explicit in the federal statute is different from engaging in or simulating. I am. You're suggesting that Mr. Armijo must have been convicted under the simulating sexual activity rather than the engaging in sexual activity. Well, of course, the burden is on the government to prove it, but the evidence... Well, you only have two choices and he pled guilty. So which one would you like him to plead to? The evidence suggested that he pled guilty to possessing a picture of his young lady friend partially... Right, but he pled guilty to this statute. You have your choices of either she's engaging in or she is simulating sexual activity. And we choose the latter. Okay, so you think that she's simulating sexual conduct and you're suggesting that that is different from sexually explicit conduct defined in the federal statute. Yes. And how would it be different? Well, first of all, the whole scheme of the statute deals with the sexual exploitation or the exploitation of children, not merely pornography. There is another section that is specifically not listed in the Act, and that does deal with child pornography, and that's 252 A. It uses practically the same language, but instead of sexually explicit conduct, it uses the phrase pornography. Perhaps one could argue that Mr. Armijo's possessing this picture of the young lady is child pornography. Perhaps it was, but it is clearly not sexually explicit conduct. Now, sexually explicit conduct I don't think is defined in the federal statute, but one would assume... I think it does have a definition. Under 2256 subdivision 2, sexually explicit conduct incorporates both activities, both actual or simulated, which is the problem that I have with your argument. Well, the activity that she was engaged in was at most, at the barest minimum, sexually motivated, sexually explicit. According to the testimony and the evidence, the activity that she was engaged in only involved showing certain body parts, and under the California statute, that can be considered sexually explicit conduct. I don't believe that that could be considered sexually explicit conduct under the federal statute. There's another distinction, though. Under the federal statute, there's an affirmative defense. The affirmative defense allows someone to demonstrate that they only possess less than three such items, and that they destroyed them or called the police right away. Now, we're not here at a criminal trial, and the burden of proof, of course, is different, but should Mr. Armijo have been charged under the federal statute, he would have had a defense to that statute, and a very viable defense. Would you like to save the balance of your time for rebuttal? Yes, thank you. We'll hear from the government next. Good morning, Your Honors. My name is Carol Federighi. I represent the Respondent, Attorney General Mukasey, in this matter. The question in this case is the purely legal question of whether, under the categorical approach, the state law child pornography possession charge under which Mr. Armijo was convicted is described in the federal child pornography possession statute. As Your Honors have noted, both statutes contain pretty much the same language. Section A-4 of 2252 of the federal statute describes possession of child pornography, as does the state statute. I just want to point out there is a definition of sexually explicit conduct in the act, and it includes the lascivious exhibition of genitals, which is basically what the photograph here that Mr. Armijo allegedly possessed, why it falls under child pornography definition in both acts. In his brief, Petitioner raised two arguments that I'd like to address here. First, that the federal statute does not punish purely personal possession of pornography that doesn't have a commercial element. And second, another argument that he raised here, that the federal statute includes an affirmative defense that the state statute does not, and therefore the two can't be equivalent. The first issue, whether the federal statute actually breaches purely personal possession of child pornography, Petitioner relied extensively on the case of United States v. McCoy. In the letter that I faxed to the court on Friday, I pointed out that the reasoning of McCoy has been overruled by the Supreme Court case of Gonzalez v. Reich. The Ninth Circuit, this is the medical marijuana case, the Ninth Circuit issued the appellate decision in that case, relying heavily on McCoy to hold that the personal possession of marijuana was, that Congress could not constitutionally regulate the commercial possession, I mean the purely personal possession of marijuana. The Supreme Court overruled that in the Reich case and held that Congress could regulate purely personal intrastate possession of marijuana as part of a more comprehensive regulatory scheme of the interstate commerce in marijuana. This holding would apply in this case with the same reasoning, that Congress can constitutionally regulate the purely personal possession of child pornography, and therefore the federal statute does reach purely personal possession as in Mr. Armijo's case. And the case that I also cited in my letter, Stewart, that this court recently issued addressing weapons possession, the reasoning of that case would apply also to this case. And as far as the interstate commerce element of the federal statute goes, that is just a purely jurisdictional basis for Congress's regulation and is not an element of the offense. And that reasoning is controlled by the court's decision in Castillo-Rivera, where the court held that the purely, the interstate commerce language in a statute is purely jurisdictional and not an element of the offense that needs to be in the state statute for the two to be equivalent. Moving on to his argument about the affirmative defense, first I'd like to point out that the affirmative defense in the federal statute confirms that the federal statute does reach purely personal possession, because the affirmative defense is geared towards that kind of case, where you just have, someone just has less than three images and basically deletes them right away or tries to get rid of them as soon as possible. This affirmative defense, however, is not an element of the offense that you use in the categorical approach to determine if the two statutes are equivalent. Under criminal law, the elements of the offense are only those elements that the government has to prove at trial, in its case in chief, to show that the defendant is guilty of the offense. The affirmative defenses are things that the defendant has to prove. Under the categorical approach, one looks only at the elements of the offense itself to determine if the two offenses are equivalent. We don't look at the affirmative defenses in determining whether the two are equivalent. So in this case, the elements of the offense, as Your Honors have pointed out, are the same, possession of child pornography in both statutes. The state statute is therefore described in the federal statute, and I want to point out that the wording described in has been held to be a broader wording than just saying the two have to be the same. So the fact that the pornography definitions might be slightly different would not bar the conclusion that the state statute is described in the federal statute. Just to wrap up, then, if there are no questions, the state statute here is described in the federal child pornography possession statute. Therefore, Mr. Armijo was convicted of an aggravated felony and was not eligible for cancellation of removal. When you get behind the facts, I know we're not supposed to look at the facts in looking at this case, but when you get behind the facts, Mr. Armijo actually has kind of a sympathetic case. Yes, I agree. Is there anything that can be done for him, or is this it? Unfortunately, this is it. This is what the law requires and what Congress has laid out in the aggravated felony definition. They view these crimes as very serious crimes and as ones that basically non-citizens are treated very severely if they have committed these crimes, unfortunately. So at this point, there is nothing that can be done. It looked like when he pled guilty to this offense, it was intended, and it was a minor. They viewed it as kind of a minor matter at the time of his plea because he pled to misdemeanors. True. That has no relevance to what we're doing here. No, I think the fact that the state at the time treated those offenses as relatively minor is irrelevant to the analysis because the federal statute views these as serious. The federal statute criminalized these as felonies, and the aggravated felony definition does include the federal statute. So just as a matter of law, he unfortunately is in a category of aliens that is not eligible for cancellation of removal. So that is the situation in this case. If there are no further questions, the Board's decision should be upheld in this case. Thank you, Your Honors. Okay. The federal statutes, Your Honor, criminalize extremely serious conduct. The maximum punishment under these statutes is 20 years in prison. The maximum punishment under the California statute is one year in prison. It's not that California doesn't look at child pornography as a serious thing. Under 311, there are a number of California felonies for which people can be convicted and go to state prison. But these are felonies that do, in fact, involve the sexual exploitation of minors as Section 2251, 51A, and 52 deal with, very serious conduct. Excuse me, 52. Section 2252A, which is not included in the Act, deals with the phrase and the terminology of child pornography, something that is less serious because one can create or produce child pornography in a way that does not involve the exploitation of the child. In this particular case, there was no exploitation of this child. She did what she did on her own volition, and my client was the unfortunate recipient of it. Perhaps at the time he didn't think he was so unfortunate, but the conduct that she was engaged in was not sexually explicit as contemplated by the three statutes. It could be sexually explicit as defined under California law, and I think that's a distinction. Okay. Thank you. The matter will be submitted. Our next case for argument is United States v. Paul Mendoza.
judges: T. G. Nelson, Paez, Bybee